# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

STEPHEN JACKSON,

    Petitioner,

v.

DEBBIE ASUNCION, Warden,

    Respondent.

Case No. CV 16-9351 JLS (MRW)

**ORDER DISMISSING HABEAS ACTION**

    The Court summarily dismisses this action pursuant to 28 U.S.C. § 2243 as successive, untimely, and procedurally barred on its face.

\* \* \*

    1.    This is a state habeas action. In 2005, Petitioner was convicted of rape and numerous other sexual offenses and sentenced to 83 years to life in prison. This action represents Petitioner's <u>seventh</u> federal habeas action in this Court.[1] Although not clearly pled, the current habeas petition claims that Petitioner

---

[1] <u>Jackson v. Felker</u>, CV 07-3982 GAF (RC) (C.D. Cal.); <u>Jackson v. Stainer</u>, CV 11-5967 GAF (MRW) (C.D. Cal.); <u>Jackson v. Holland</u>, CV 12-5362 GAF (MRW) (C.D. Cal.) (dismissed as improperly filed civil rights action);
(continued…)

is actually innocent of the sexual assaults. He also appears to complain about aspects of the identification testimony against him at trial. Notably, Petitioner identifies no newly discovered evidence regarding his convictions as the basis for his actual innocence claim.

2. In the course of Petitioner's previous habeas actions (CV 12-8210, 15-1354, 15-4300), Magistrate Judge Wilner expressly informed Petitioner that he needed permission from the United States Court of Appeals for the Ninth Circuit before pursuing a successive habeas case. As with those actions, the current petition was not accompanied by a certificate from the Court of Appeals authorizing a successive habeas action.

3. Additionally, when Petitioner presented his new "claims" in habeas actions in the state supreme court, that court denied review by citation to In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Clark, 5 Cal. 4th 750, 767-769 (1993). (Docket # 1 at 32.) These citations signaled that Petitioner's habeas filing was untimely as a matter of California law. Walker v. Martin, ___ U.S. ___, 131 S. Ct. 1120, 1125 (2011).

\* \* \*

4. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for

---

(…continued)
Jackson v. Holland, CV 12-8210 GAF (MRW) (C.D. Cal.); Jackson v. Muniz, CV 15-1354 JLS (MRW) (C.D. Cal.); Jackson v. Muniz, CV 15-4300 JLS (MRW) (C.D. Cal.) (challenging related probation revocation proceeding).

summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

5. Petitioner's seventh habeas action is subject to summary dismissal. The action is an unauthorized successive petition for which – despite the Court's previous warnings – Petitioner did not apply to the circuit court for permission to pursue. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3); <u>Burton v. Stewart</u>, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

6. Additionally, Petitioner's action is facially time-barred under AEDPA and procedurally-barred from federal review. A habeas litigant is obliged to commence an action within one year of the conviction becoming final. 28 U.S.C. § 2244. Petitioner filed his current action over a decade after his conviction became final. His vague claims of actual innocence are insufficient to render his action timely.

7. Moreover, the state supreme court's determination that his <u>state</u> habeas action was untimely (the <u>Clark</u>/<u>Robbins</u> order) means his action is procedurally barred in federal court. In <u>Walker</u>, the Supreme Court unanimously and expressly held that California's untimeliness bar for habeas petitions is an adequate and independent state procedural ground that bars relief in federal court. <u>Walker</u>, 131 S. Ct. at 1124. Therefore, when a California court bases a denial of a habeas petition on <u>Clark</u> or <u>Robbins,</u> a prisoner is defaulted under AEDPA from pursuing consideration of those claims on federal habeas review. <u>Id.</u>; see also <u>Alvarez v. Wong</u>, 425 F. App'x 652 (9th Cir. 2011) (applying <u>Walker</u> to affirm dismissal of petition that was untimely in state court).

\* \* \*

The current action is successive, untimely, and is procedurally barred. The petition is subject to summary dismissal. Because the Court does not have jurisdiction to consider Petitioner's claims, the action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: April 24, 2017

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE